**FILED**
CLERK, U.S. DISTRICT COURT

8/22/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ TV _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 2:23-cr-00414-MWF |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery; 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| JABCO HARDGRAVES, aka "Jacob Hardgraves," aka "Baby Monster," aka "Lil Turtle," ANTHONY FLORES, aka "BabyGfar," and IVIN KITU SANFORD, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1951(a)]

[ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   BevMo was a national retail chain with stores throughout the country, including locations at 6521 E. Pacific Coast Highway, Long Beach, California (the "Long Beach BevMo"), 4645 Candlewood

1  Street, Lakewood, California (the "Lakewood BevMo"), 2970 E. Workman

2  Avenue, West Covina, California (the "West Covina BevMo"), 3730

3  Foothill Boulevard, Pasadena, California (the "Pasadena BevMo"), and

4  19201 Golden Valley Road in Canyon Country, Santa Clarita, California

5  (the "Canyon Country BevMo").

6  B.   OBJECT OF THE CONSPIRACY

7       Beginning on a date unknown, and continuing to on or about June

8  5, 2023, in Los Angeles County, within the Central District of

9  California, and elsewhere, defendants JABCO HARDGRAVES, also known as

10  ("aka") "Jacob Hardgraves," aka "Baby Monster," and aka "Lil Turtle";

11  ANTHONY FLORES, aka "BabyGfar"; and IVIN KITU SANFORD, and Co-

12  Conspirator 1, and others known and unknown to the Grand Jury,

13  conspired with each other to knowingly and intentionally interfere

14  with commerce by robbery, in violation of Title 18, United States

15  Code, Section 1951(a).

16  C.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE

17       ACCOMPLISHED

18       The object of the conspiracy was to be accomplished, in

19  substance, as follows:

20       1.   Defendants HARDGRAVES, FLORES, and SANFORD, and other co-

21  conspirators, would drive to a BevMo store to commit a robbery.

22       2.   Defendants HARDGRAVES, FLORES, and SANFORD, and other co-

23  conspirators, would enter the BevMo store during store hours to

24  commit the robbery.

25       3.   Defendants HARDGRAVES, FLORES, and SANFORD, and other co-

26  conspirators, would request high-end liquors that were kept behind

27  glass security cases.

28

4.    Defendants HARDGRAVES, FLORES, and SANFORD, and other co-conspirators, in the presence of store employees and customers, would then physically push, hold, subdue, and/or threaten store employees in order to steal liquor from the glass security cases.

5.    Defendants HARDGRAVES, FLORES, and SANFORD, and other co-conspirators, would leave the store and drive away from the robbery location after the robbery was completed.

D.   OVERT ACTS

In furtherance of the conspiracy, and to accomplish the object of the conspiracy, on or about the following dates, defendants HARDGRAVES, FLORES, and SANFORD, and Co-Conspirator 1, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, including, but not limited to, the following:

1.    Robbery of the Long Beach BevMo Store

Overt Act No. 1:    On May 27, 2023, defendants HARDGRAVES and FLORES drove to the Long Beach BevMo store in a blue Honda Accord (the "Blue Honda").

Overt Act No. 2:    On May 27, 2023, inside the Long Beach BevMo store, defendants HARDGRAVES and FLORES physically subdued Long Beach BevMo store victim-employee G.M. and began stealing bottles of high-end liquor from the glass security case.

Overt Act No. 3:    On May 27, 2023, inside the Long Beach BevMo store, defendant HARDGRAVES held up a large bottle of cognac and threatened Long Beach BevMo store victim-employee H.R., "You better back up or else I'll hit you with this bottle."

Overt Act No. 4:    On May 27, 2023, defendants HARDGRAVES and FLORES fled the Long Beach BevMo store with multiple bottles of

3

liquor valued at approximately $2,604 that they had stolen from the store.

Overt Act No. 5:   On May 27, 2023, defendants HARDGRAVES and FLORES fled the Long Beach BevMo store in the Blue Honda.

2.   Robbery of the Lakewood BevMo Store

Overt Act No. 6:   On May 27, 2023, defendants HARDGRAVES and FLORES, in the Blue Honda, drove to the Lakewood BevMo store.

Overt Act No. 7:   On May 27, 2023, defendants HARDGRAVES and FLORES, inside the Lakewood BevMo store, threatened Lakewood BevMo store employee-victim V.W. that defendant HARDGRAVES would shoot V.W. if he attempted to interfere with the robbery and did not back up from the glass security case.

Overt Act No. 8:   On May 27, 2023, inside the Lakewood BevMo store, defendants HARDGRAVES and FLORES began stealing bottles of high-end liquor from the glass security case.

Overt Act No. 9:   On May 27, 2023, defendants HARDGRAVES and FLORES fled the Lakewood BevMo store with multiple bottles of liquor valued at approximately $800 that they had stolen from the store.

Overt Act No. 10:   On May 27, 2023, defendants HARDGRAVES and FLORES fled the Lakewood BevMo store in the Blue Honda.

3.   Robbery of the West Covina BevMo Store

Overt Act No. 11:   On May 31, 2023, defendants HARDGRAVES, FLORES, and SANFORD drove to the West Covina BevMo store in the Blue Honda.

Overt Act No. 12:   On May 31, 2023, defendant HARDGRAVES, carrying a handgun inside his fanny pack and inside the West Covina BevMo store, pushed West Covina BevMo store employee-victim T.R. to

4

1  allow defendants HARDGRAVES, FLORES, and SANFORD to steal bottles of
2  high-end liquor from the glass security case.

3      Overt Act No. 13:   On May 31, 2023, defendants HARDGRAVES,
4  FLORES, and SANFORD, inside the West Covina BevMo store, stole
5  bottles of liquor from the glass security case.

6      Overt Act No. 14:   On May 31, 2023, defendants HARDGRAVES,
7  FLORES and SANFORD fled the West Covina BevMo store with multiple
8  bottles of liquor valued at approximately $7,307 that they had stolen
9  from the store.

10     Overt Act No. 15:   On May 31, 2023, defendants HARDGRAVES,
11 FLORES, and SANFORD fled the West Covina BevMo store in the Blue
12 Honda.

13     4.   Robbery of the Pasadena BevMo Store

14     Overt Act No. 16:   On May 31, 2023, defendants HARDGRAVES,
15 FLORES, and SANFORD drove to the Pasadena BevMo store in the Blue
16 Honda.

17     Overt Act No. 17:   On May 31, 2023, defendants HARDGRAVES,
18 FLORES, and SANFORD, inside the Pasadena BevMo store, pushed Pasadena
19 BevMo store employee-victim V.M. away from the glass security case
20 and began stealing bottles of high-end liquor from the glass security
21 case.

22     Overt Act No. 18:   On May 31, 2023, defendants HARDGRAVES,
23 FLORES, and SANFORD fled the Pasadena BevMo store with multiple
24 bottles of liquor valued at approximately $3,432 that they had stolen
25 from the store.

26     Overt Act No. 19:   On May 31, 2023, defendants HARDGRAVES,
27 FLORES, and SANFORD fled the Pasadena BevMo store in the Blue Honda.

28

5.    <u>Attempted Robbery of the Canyon Country BevMo Store</u>

<u>Overt Act No. 20:</u>   On June 5, 2023, defendants HARDGRAVES, FLORES, and SANFORD drove to the Canyon Country BevMo store in a silver Dodge Charger.

<u>Overt Act No. 21:</u>   On June 5, 2023, defendants HARDGRAVES, FLORES, and SANFORD, inside the Canyon Country BevMo store, physically subdued Canyon Country BevMo store victim-employee J.B. and attempted to steal bottles of high-end liquor from the glass security case.

<u>Overt Act No. 22:</u>   On June 5, 2023, defendants HARDGRAVES, FLORES, and SANFORD fled the Canyon Country BevMo store in the silver Dodge Charger.

<u>Overt Act No. 23:</u>   On June 5, 2023, defendants HARDGRAVES, FLORES, and SANFORD fled from police officers who were attempting to effect a lawful traffic stop and led officers on a vehicle pursuit in Los Angeles County before crashing into a tree.

COUNT TWO

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS HARDGRAVES AND FLORES]

On or about May 27, 2023, in Los Angeles County, within the Central District of California, defendants JABCO HARDGRAVES, also known as ("aka") "Jacob Hardgraves," aka "Baby Monster," aka "Lil Turtle," and ANTHONY FLORES, aka "BabyGfar," each aiding and abetting the other, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants HARDGRAVES and FLORES unlawfully took and obtained property consisting of multiple bottles of liquor valued at approximately $2,604 belonging to BevMo from a BevMo store located at 6521 E. Pacific Coast Highway, Long Beach, California, a commercial retail store, the inventory of which traveled in interstate commerce, in the presence of BevMo employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

COUNT THREE

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS HARDGRAVES AND FLORES]

On or about May 27, 2023, in Los Angeles County, within the Central District of California, defendants JABCO HARDGRAVES, also known as ("aka") "Jacob Hardgraves," aka "Baby Monster," aka "Lil Turtle," and ANTHONY FLORES, aka "BabyGfar," each aiding and abetting the other, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants HARDGRAVES and FLORES unlawfully took and obtained property consisting of multiple bottles of liquor valued at approximately $800 belonging to BevMo from a BevMo store located at 4645 Candlewood Street, Lakewood, California, a commercial retail store, the inventory of which traveled in interstate commerce, in the presence of BevMo employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

COUNT FOUR

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

On or about May 31, 2023, in Los Angeles County, within the Central District of California, defendants JABCO HARDGRAVES, also known as ("aka") "Jacob Hardgraves," aka "Baby Monster," aka "Lil Turtle," ANTHONY FLORES, aka "BabyGfar," and IVIN KITU SANFORD, each aiding and abetting the other, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants HARDGRAVES, FLORES, and SANFORD unlawfully took and obtained property consisting of multiple bottles of liquor valued at approximately $7,307 belonging to BevMo from a BevMo store located at 2970 E. Workman Avenue, West Covina, California, a commercial retail store, the inventory of which traveled in interstate commerce, in the presence of BevMo employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

COUNT FIVE

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

On or about May 31, 2023, in Los Angeles County, within the Central District of California, defendants JABCO HARDGRAVES, also known as ("aka") "Jacob Hardgraves," aka "Baby Monster," aka "Lil Turtle," ANTHONY FLORES, aka "BabyGfar," and IVIN KITU SANFORD, each aiding and abetting the other, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants HARDGRAVES, FLORES, and SANFORD unlawfully took and obtained property consisting of multiple bottles of liquor valued at approximately $3,432 belonging to BevMo from a BevMo store located at 3730 Foothill Boulevard, Pasadena, California, a commercial retail store, the inventory of which traveled in interstate commerce, in the presence of BevMo employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT SIX

[18 U.S.C. § 1951(a)]

[DEFENDANT HARDGRAVES]

On or about June 11, 2023, in Los Angeles County, within the Central District of California, defendant JABCO HARDGRAVES, also known as ("aka") "Jacob Hardgraves," aka "Baby Monster," aka "Lil Turtle," obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendant HARDGRAVES unlawfully took and obtained property consisting of multiple bottles of liquor valued at approximately $1,020 belonging to BevMo from a BevMo store located at 6521 E. Pacific Coast Highway, Long Beach, California, a commercial retail store, the inventory of which traveled in interstate commerce, in the presence of BevMo employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

COUNT SEVEN

[18 U.S.C. § 1951(a)]

[DEFENDANT HARDGRAVES]

On or about June 17, 2023, in Los Angeles County, within the Central District of California, defendant JABCO HARDGRAVES, JABCO HARDGRAVES, also known as ("aka") "Jacob Hardgraves," aka "Baby Monster," aka "Lil Turtle," obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendant HARDGRAVES unlawfully took and obtained property consisting of multiple bottles of liquor valued at approximately $1,101 belonging to BevMo from a BevMo store located at 4645 Candlewood Street, Lakewood, California, a commercial retail store, the inventory of which traveled in interstate commerce, in the presence of BevMo employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

FORFEITURE ALLEGATIONS

[18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Seven of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses;

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//
//
//

placed beyond the jurisdiction of the court; (d) has been
substantially diminished in value; or (e) has been commingled with
other property that cannot be divided without difficulty.


                                        A TRUE BILL


                              _____/S/_____
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney



MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

JEFFREY M. CHEMERINSKY
Assistant United States Attorney
Chief, Violent & Organized Crime
Section

KEVIN J. BUTLER
JENA A. MACCABE
Assistant United States Attorneys
Violent & Organized Crime Section